46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: John Scott HAMILTON; In re: Charlotte Belle
Hamilton, formerly known as Charlotte B. Allaway,
formerly known as Charlotte B.
Allaway-Hamilton, Debtors.
HARTWOOD AVIATION, INC.; Hartwood Paracenter, Inc.; Harry
C. Schoelpple; and Robert T. Dorminey, Plaintiffs-Appellees,
v.
John Scott HAMILTON, also known as J. Scott Hamilton,
Defendant-Appellant.
 No. 94-1173.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal from the district court's affirmance of an order by the bankruptcy court presents one issue, namely, is a Virginia jury's finding of "willful and wanton" conduct identical, for collateral estoppel purposes, with the finding of "willful and malicious" conduct required to make a debt nondischargeable under 11 U.S.C. 523(a)(6)?
 
 
 3
 The bankruptcy court found that the term "willful and malicious," as defined in the Tenth Circuit cases In re Posta, 866 F.2d 364, 367 (10th. Cir.1989), and In re Grey, 902 F.2d 1479, 1481 (10th Cir.1990), was substantially identical in meaning to the term "willful and wanton," as explained in the instructions given the Virginia jury. Thus, the debtor is precluded from litigating the issue of whether his debt to the appellees is dischargeable. The district court affirmed this holding. We can find no error in this decision and affirm for substantially the reasons set forth in the bankruptcy court's opinion.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470